## THE SAMUEL E. BOUKER.

(District Court, D. New Jersey. October 16, 1905.)

TOWAGE—INJURY TO TOW—LIABILITY OF TUG.

    A tug is not an insurer of its tow, and is liable for loss or damage to it only in case of negligent management of the tug or in the handling of the tow. *Held*, under the facts disclosed in this case, that the tug was not negligent.

    [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Towage, §§ 11–29.]

(Syllabus by the Court.)

Benedict & Benedict, for libelant.

Wing, Putnam & Burlingham and James Forrester, for claimant.

CROSS, District Judge. The P. Sanford Ross corporation owns mud scows Nos. 1 and 10, which were found adrift in the lower part of the New York Bay on the 4th day of May, 1905, and rescued by the steam tug John T. Pratt under circumstances disclosed in the case of Abner P. Downer et al. v. Mud Scows Nos. 1 and 10, 141 Fed. 477. The evidence in the two cases was taken together, and they were argued at the same time. The libelant in this case claims that it has been damaged to the extent of whatever sum might be awarded by the court against its scows Nos. 1 and 10 in the above-mentioned suit. In my opinion, however, the facts do not warrant the claim made by the libel. The owner of the Bouker was not an insurer of its tow. The tug is liable only in case of its negligence. Negligence consists in the want of ordinary skill in navigation, and of the exercise of such care and diligence in handling the tow as a man of ordinary prudence would exercise in the preservation of his own property. The Niagara (D. C.) 20 Fed. 152. The duty imposed upon a tug is to use the caution and skill which belong to prudent navigators. The Florence (D. C.) 88 Fed. 302, and cases cited. This is the rule of law applicable to the case under consideration. If the Bouker managed her tow with reasonable care and skill under the circumstances, it cannot be held liable for its loss. The burden of proving negligence is upon the libelant, but it has not sustained this burden; indeed, there is no proof whatever of the negligent management of the Bouker. Practically the only claim of negligence made in the case is that the captain of the Bouker did not keep a man aloft during the entire period of its search for the missing scows. The evidence shows, however, that he did from time to time send a man there for that very purpose. It is quite apparent that to have kept a man there continuously would have been futile, when, if we accept the testimony of the captain of the mud scows as true, only the smokestack and light boxes on top of the pilot house of the Bouker were at any time prior to the lifting of the fog discernible; but, apart from their testimony, the other testimony in the case shows that the fog was low and very dense, and hence the mud scows, lying close to the water, would, under the circumstances, have been completely enveloped by it. There is no pretense that there was any negligence in the loss of the scows. On the contrary, the evidence shows that the towline attached to them (a

comparatively new one) was cut by the propeller of the tug crossing it in the fog, and that after they were lost, the captain of the Bouker made diligent and careful search to find them. Since no negligence in the management by the Bouker of its tow is disclosed, the libel against it will be dismissed, with costs.